PER CURIAM:
Denied. Relator fails to show that the state withheld material exculpatory evidence *432 in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Johnson, C.J., would grant and docket.
Hughes, J., would grant and assigns reasons.
Crichton, J., would grant and docket.
Hughes, J., would grant the writ and assigns reasons.
The state failed to disclose grand jury testimony that contained favorable impeachment evidence, including inconsistent statements about a pre-trial identification of the shooter; relator's presence at the crime scene; and a crucial state witness's motivation for testifying in the instant case. The suppression of this impeachment evidence undermines the verdict in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ; United States v. Bagley , 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) ; Giglio v. United States , 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) ; State v. Knapper , 579 So.2d 956 (La. 1991). Because the district court did not abuse its discretion in finding that the cumulative effect of the withheld evidence would have created reasonable doubt as to the state's case, and thus the verdict rendered in their absence was undermined, see Kyles v. Whitley , 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), the court of appeal erred in reversing the district court's ruling, which granted relator relief, vacating his conviction and sentence, and ordering a new trial.